Filed 6/18/15  Young v. New Life Consulting CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| WILLIAM YOUNG et al., | B260043 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. GC051054) |
| v. | |
| NEW LIFE CONSULTING, LLC., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. John P. Doyle, Judge.  Affirmed.

Philip Y. Kim for Defendant and Appellant.

Von Esch & Von Esch, Mark F. Von Esch for Plaintiffs and Respondents.

Appellant New Life Consulting, LLC (New Life) challenges aspects of the statement of decision issued by the trial court after a two-day court trial. Finding no error, we affirm.

PROCEDURAL AND FACTUAL HISTORY

New Life begins its appeal with a deficient factual statement.[1] We cannot discern the gravamen of the plaintiffs' claim for relief, or New Life's defense thereto, from the statement of facts contained in New Life's opening brief. The following is a compilation of facts provided by New Life, together with certain allegations of fact gleaned from the balance of its brief.

Plaintiff JBY International, Inc. (JBY) and New Life entered into a written "Finder's Agreement" in 2010 pursuant to which JBY was to receive a finder's fee if it produced "qualified investors as further described in the Finders Agreement." At an earlier unstated time, JYB and plaintiffs Jennifer Young (JY) and William Young (WY) had negotiated the terms of a litigation settlement among themselves and Park Place EB5 (Park Place). That settlement included a provision that finder's fees due to JBY would be paid by New Life to Park Place instead of to JBY. After plaintiffs had signed the writing settling that litigation and transmitted it to counsel for New Life and before any other party signed it, plaintiffs gave notice they were rescinding their consent to the agreement for reasons they stated (but which are not explained by New Life). The litigation which that agreement was supposed to settle was dismissed prior to all parties signing the settlement agreement.

New Life does not describe why JBY, JY and WY sued it in the present litigation, or how the prior litigation is related to the present suit. We can only make inferences from the description in its "Statement of the Case" that this is a suit "alleging Breach of Contract and Violation of Compensation" that plaintiffs sought to recover a finder's fee

---

[1] Thus, there is no "summary of the significant facts limited to matters in the record" or a statement of the relief sought, as required by California Rules of Court, rule 8.204, subdivisions (a)(2)(A) and (a)(2)(C).

2

due from New Life for work allegedly performed pursuant to a finder's fee agreement. Nor does New Life state that it had filed a cross-complaint in this action in which it claimed what amounted to an offset (or partial offset) to any recovery by plaintiffs, or that it dismissed its cross-complaint but continued to defend this action based on the same (or some of the same) underlying facts. Respondents' "Statement of Facts" adds that the trial court found that the prior agreement was only proposed and was rescinded "and never became a binding contract."

Notice of appeal from the judgment was timely filed.


DISCUSSION

A statement of facts is a mandatory component of each appellant's opening brief. (Cal. Rules of Court, rule 8.204, subd. (a)(2)(A).) Providing a summary of the significant facts (limited to matters in the record) is a condition precedent to a viable appeal. (*State ex rel. Standard Elevator Co. v. West Bay Builders, Inc*. (2011) 197 Cal.App.4th 963, 968, fn 1.)

Here, the problem is compounded by the manner in which New Life presents its single contention on appeal. New Life seeks to reverse the judgment because "[the trial court] failed to issue a sufficient statement of decision." The heading of one section of its argument is that "[i]t was reversible error when [the trial court] refused to adequately explain the factual and legal basis for holding Trial Exhibit 9 as an offer." New Life apparently contends that Trial Exhibit 9 was an acceptance of Trial Exhibit 8 which it asserts was the offer, but, in addition to not providing citations to the record on appeal where these documents are located (the court has itself located them), New Life does not explain—with citations to the trial record (no reporter's transcript or substitute has been provided)—how these exhibits support its claim. New Life also fails to discuss in any

3

cogent manner how its contentions relate to the trial court's detailed minute order addressing New Life's principal objections.[2]

In substance, New Life's argument is not that the statement of decision was insufficient, but that it was incorrect. Setting aside any other procedural obstacles to it raising such a claim, New Life has not provided any record upon which that claim can be reviewed. It has attached exhibits from the trial, but has provided no basis upon which we may conclude that they were admitted into evidence. Nor has it provided the reporter's transcript of the trial testimony (or an appropriate substitute); any cogent discussion of how the trial testimony supports its argument; or any explanation of why any error in the judgment was sufficient to cause a reversal. The statement of decision makes clear that the trial court found the plaintiffs' witnesses to be credible and that they had timely rescinded the settlement agreement that New Life wanted to use to offset the plaintiffs' claim for finder's fees due to it. Setting aside all of the procedural defects in its appeal, New Life has not adequately challenged the factual findings or legal conclusions of the trial court, or otherwise explained why "all intendments and presumptions [should not be] indulged to support [the judgment] . . . and [how] error [is] affirmatively shown." (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

_____

[2]     In support of its contention that the Statement of Decision was inadequate, New Life includes arguments which it made on its motion for new trial. No authority for so conflating arguments is cited and we therefore do not consider these claims.

DISPOSITION

The judgment is affirmed.  Respondents shall recover their costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


GOODMAN, J.[*]

We concur:


TURNER, P.J.


MOSK, J.

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.